## (October 31, 1966)

■ In the Matter of JAMES A. McCAULEY, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner. In the Matter of BROOKLYN BAR ASSOCIATION, Petitioner. JAMES A. McCAULEY, Respondent.— These are two separate proceedings, commenced at different times, to discipline respondent, an attorney, for professional misconduct. Respondent was admitted to the Bar by this court on March 31, 1954. He has maintained an office at the following locations, successively: In Nassau County (at various addresses); in Brooklyn (at 32 Court Street); and in Queens (at 125–10 Queens Boulevard). Each proceeding involved a different charge and, in each, this court referred the issues for hearing and report, in the first above proceeding to a Justice of the Supreme Court and in the second to a Referee (then a former Justice of the Supreme Court). The hearings were held and concluded and the reports have been submitted to this court. Findings were made in each report generally to the effect that respondent had neglected to perform the services for which he had been retained and, in order to conceal the neglect, had made false statements to the clients, accompanying such statements with deceptive acts. The report in the first proceeding contains additional findings concerning respondent's conduct with respect to the investigation by the Bar Association prior to the commencement of the proceeding in this court. In each proceeding the respective petitioner has moved for final disposition of the proceeding. The two proceedings are herewith consolidated. The findings reported in the first proceeding *inter alia* are as follows: respondent was retained about 1957 by a client to recover damages for personal injuries sustained by the client and her infant daughter. After negotiations between respondent and an insurance carrier as to the claims had broken down, with the carrier withdrawing all its previous offers, the client threatened to complain to the Bar Association, asserting that she could not understand why the claims had not been paid. Respondent, who was then a candidate for public office, became apprehensive and, although he had not received any money upon the claims and had not even commenced any legal action thereon, gave the client his personal check for $666.66, representing the amount for which the client was willing to settle the claims, less one third as the agreed percentage for his fee. Nevertheless, the client complained to the Bar Association of Nassau County, being suspicious because she had never signed a release or seen an insurance company check. Respondent failed to answer any of the four letters which the Bar Association sent him, dated from September 9, 1960 to July 10, 1961. The Association sent him a fifth letter, dated August 24, 1961, but he did not appear before the Association's Grievance Committee until a subpœna was issued by this court for his appearance and production of records on October 25, 1961. On that date he "failed to make a forthright statement of the facts" and, on the contrary, assured the committee that the claims had been settled. However, upon a subsequent appearance before the committee he made "a complete revelation of the facts." The report concludes with the further findings that, although respondent's

"motivation remains obscure," he had no intention to defraud, his conduct before the Grievance Committee was wrong, etc., and the client suffered no loss; that nevertheless "respondent was less than forthright with his client and the Grievance Committee," his failure to make "an honest statement as soon as a complaint was made" and his "subsequent conduct made this proceeding inevitable," and the charge against him was sustained to the extent indicated by the findings in the report. The reported findings in the second proceeding *inter alia* are as follows: although respondent had neglected to present an application to the State Liquor Authority with respect to his client's proposed purchase of a package liquor store and transfer of the store's location, nevertheless, in order to deceive the client, he transmitted to him what appeared to be a photocopy of a letter from the Authority to his law office, dated March 22, 1965, acknowledging receipt of such an application. Actually, there never was such a letter. The dummy for the photocopying was a montage which respondent had fashioned by cutting off the letterhead portion of a letter from the Authority on another matter and by subjoining to it a blank sheet of paper upon which he typewrote the spurious acknowledgment; and he signed it with a fictitious name purporting to be that of an Authority employee. Before the Referee he testified falsely that he had "never done anything wrong before." The concluding findings in this report are in part that the charge against respondent was established, that he had admitted his guilt to his client and the Authority immediately after the occurrence of the incident, and that he was contrite. In our opinion, respondent is unfit to continue to be a member of the Bar. The two reports are confirmed insofar as they are to the effect that respondent is guilty of the charges and that the evidence supports the findings of guilt. Respondent is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective October 31, 1966. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.